Judith Studer, WSB No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Tel: (307) 235-6681| Fax: (307) 234-5099
jstuder@schwartzbon.com
**Attorney for Defendant ACU Energy, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNIVERSITY OF WYOMING, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:25-cv-290 |
| ACU ENERGY LLC, | ) |
| Defendant. | ) |

### DEFENDANT ACU ENERGY, LLC'S ANSWER

COMES NOW, Defendant ACU Energy LLC, by and through its undersigned counsel, and hereby responds to the allegations as follows:

1. The introductory part of this paragraph does not require a responsive pleading. The characterization of Plaintiff's research programs and industry sponsor arrangements is neither admitted nor denied as irrelevant to Defendant's obligations. The Defendant admits that the University entered into a contract with the Defendant.

2. Defendant admits that the parties entered into a Sponsored Research Agreement that became effective August 1, 2024, and that an incomplete copy of the Agreement is attached as Exhibit A to the Complaint that speaks for itself.

3. Defendant acknowledges Plaintiff has filed a Complaint but denies the remaining allegations of paragraph 3.

4. Defendant, on information and belief, admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits that the Court has diversity jurisdiction but denies that Plaintiff has a claim for relief.

7. Defendant denies that it has sufficient minimum contacts. Defendant admits that pursuant to the terms of the Agreement, that ACU agreed that the Agreement "is enforceable exclusively in the Court of the State of Wyoming".

8. Defendant lacks sufficient information to admit or deny whether a substantial part of the events giving rise to the claims asserted by Plaintiff occurred within this judicial district furthermore Defendant agrees that the Agreement "is enforceable exclusively in the court of the State of Wyoming". Defendant denies the remainder of this paragraph.

9. Defendant incorporates its prior responses in answer to the allegations of paragraph 9.

10. Defendant admits that Dr. Piri leads the University Center of Innovation for Flow through Porous Media and understands that it had one of the world's most advanced research centers housing, state-of-the-art laboratories for conducting advanced EOR experimental research.

11. Defendant lacks sufficient information to admit or deny whether a team was assembled starting in August 2024 and does not know whether the persons on the team were already in place doing research on existing contracts.

12. Defendant lacks sufficient information to admit or deny the allegations regarding team preparation and denies such preparations were agreed to by ACU as part of the scope of work for the first quarter.

13. Defendant lacks sufficient information to admit or deny the allegations that Dr. Piri's team needed an additional foam laboratory to expand EOR research and whether the team worked towards creating an improved design for the new laboratory. Defendant denies that the work was done pursuant to the Agreement and the scope of work developed in close collaboration with ACU.

14. Defendant lacks sufficient information to admit or deny the allegations that the University incurred costs, such as salary benefits and tuition, as well as cost associated with preparing the laboratory to conduct the required research and denies same at this time.

15. Defendant admits that Article III of the Agreement provides that Defendant "reimburse the University for services performed under this agreement in the amount of $15,000,000." Defendant does not know what work was performed under this Agreement as opposed to other contracts or arrangements.

16. Defendant admits the Agreement provides that the university would invoice Defendant every six months and that the University accelerated its invoicing as shown in Exhibit B to the Complaint.

17. Defendant admits that Plaintiff submitted documents labeled "Invoices" in November 2024 and February 2025, but has insufficient information as to the "services performed" under the Agreement.

18. Defendant admits that it did not pay the invoices but denies payment was due under the Agreement.

19. Defendant admits the Agreement contains termination provisions as stated and that the Agreement speaks for itself.

20. Defendant admits the allegations of paragraph 20.

21. Defendant admits that Plaintiff sent a document styled as a "Notice of Breach" attached to the Complaint as Exhibit B and such document speaks for itself.

22. Defendant admits that it has not paid any amounts but has insufficient information as to what, if any, services were performed under the Agreement that requires it to reimburse the University.

23. Defendant incorporates its prior responses in its answer to the allegations of paragraph 23.

24. Defendant has insufficient information as to what, if any, amounts are due under the Agreement and denies the services were within the scope of work agreed upon by ACU and therefore denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant has insufficient information as to what, if any, damages have been suffered by the University, and therefore denies same.

28. Defendant denies the allegations of paragraph 28.

29. No response is required.

30. To the extent paragraph 30 requires a response, the allegations are denied as Defendant does not have sufficient information as to what, if any, damages have been incurred by the University.

31. Unless specifically admitted herein each and every allegation of the Complaint is denied.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses:

1. Plaintiff fails to state a claim for relief.

2. Plaintiff failed to provide adequate consideration for the payments demanded.

3. Plaintiff materially breached the Agreement.

4. Conditions Precedent were not met. There was no meeting of the minds as to the start of work under the Agreement

5. Defendant reserves the right to plead additional defenses as discovery develops the facts of this case.

Dated this 18th day of February 2026.

/s/ Judith Studer
Judith Studer, WSB No. 5-2174
Schwartz, Bon, Walker & Studer, LLC
141 South Center Street, Suite 500
Casper, WY  82601
Tel: (307) 235-6681| Fax: (307) 234-5099
jstuder@schwartzbon.com
**Attorney for Defendant ACU Energy, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 18th day of February 2026, a true and correct copy of the forgoing ***Defendant ACU Energy, LLC's Answer*** was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission to the following:

Lucas Buckley
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
Tel: (307) 634-7723 | Fax: (307) 634-09858
lbuckley@hkwyolaw.com
***Attorney for Plaintiff,***
***University of Wyoming***

/s/ Judith Studer
Judith Studer
Schwartz, Bon, Walker & Studer LLC